Clark, Executor v. Harlan.

PETER CLARK, EXECUTOR, v. ROB'T HARLAN ET AL.

*Jurisdiction of Probate Court to sell real estate of deceased wife—Surviving husband's curtesy.*

In a proceeding by an executor to sell the real estate of a deceased wife, not specifically bequeathed, to pay debts, the Probate Court has jurisdiction to order a sale thereof free of, or subject to surviving husband's curtesy, and for this purpose may make him a party defendant in such proceeding.
A surviving husband has no curtesy in the interest of a granddaughter of his deceased wife and a former husband.
A surviving husband has curtesy in the interest of an adopted daughter of his deceased wife and a former husband.
*Decided April* 30, 1887.

ON motion for an order of distribution of the proceeds of sale of certain real estate.

*Stevenson & Day* for Robert Harlan.
*W. T. Porter* for assignee of Beatty.
*Wulsin & Perkins* for the Beatty heirs.
*Harmon, Colston, Goldsmith & Hoadly* for Clark.

GOEBEL, J.

The determination of the questions here involved requires a full statement of the facts.

Mary Clark, and Elliott Clark, her husband, on the 8th day of June, 1866, jointly adopted, under the statutes of Ohio and by a proceeding in this court, one Rosaline Jones. Mary and Elliott Clark had one son, who died in the lifetime of his parents, leaving a daughter, who is known in this proceeding as Flor-

ence Turner.   Subsequently Elliott Clark died, leaving this grand-daughter, Florence, and his adopted daughter, Rosaline, and his widow, Mary Clark. Mary Clark, on the 21st day of December, 1876, intermarried with Robert Harlan, and during coverture acquired the property in question.   She died testate and seized of the same, leaving no issue of the marriage with Harlan.   Peter H. Clark, who had been appointed executor, instituted proceedings in this court to sell this real estate, which was not specifically bequeathed, to pay debts of the deceased, and made, among others, Robert Harlan a defendant. Harlan files his answer, claiming curtesy in said real estate, and consenting to the sale, free of his curtesy, and praying the court to ascertain the amount due him on account thereof, and for an order to pay the same.   A sale was had, and Robert Harlan now files his motion for a distribution, and to have the amount of his curtesy paid to him out of the proceeds of sale. This motion is resisted by the heirs, legatees, and devisees of Mary Harlan for two reasons :

First—That an estate, by the curtesy, did not exist in the property sold.

Second—If it did exist, this court had no jurisdiction to order it sold.

The first question to consider is, did the court have power to order a sale of this property free of Harlan's curtesy ?

It is maintained that in the absence of statutory provision directly authorizing the court to order the sale of real estate, either free of or subject to the curtesy, the motion of Harlan must be denied. There being no statutory provision, we must look to the general provisions, authorizing proceedings of this kind. This is a civil action under Section 6137 of the Revised Statutes, which may be commenced in the Probate Court or in the Common Pleas Court.

The chapter relating to proceedings of this kind, further provides who shall be made parties; and while Harlan is not one of those mentioned in said section, yet if his application to be made a party were denied, it would be impossible for this court to determine the equities between persons claiming an interest in the subject-matter, and to order a disposition of the proceeds of sale as contemplated by Section 6145 of the Revised Statutes.

I think that on full consideration of the various sections of the statutes relating to proceedings of this kind, it was intended to give this court full and complete jurisdiction over the subject-matter. This is evident from the fact that, prior to the act of 1858, a proceeding of this kind was not an adverse one; but the amendatory act of 1858 gives a full adversary character to the petition of an administrator for the purpose of selling real estate to pay debts.

And it is so held in the case of *Holloway* v. *Stewart,* 19 Ohio St., 472.

But there is another consideration to be urged in favor of Harlan's right to be made a party, and of the court's power to pass upon his rights.

The Common Pleas Courts having concurrent jurisdiction with the Probate Court in such proceedings, would find ample authority, under section 5006, Rev. Stats., for making Harlan a party, which carries with it the power to pass upon his rights.

Section 6411 provides :

" The provisions of law governing civil proceedings in the Court of Common Pleas shall, so far as applicable, govern like proceedings in the Probate Court, when there is no provision on the subject in this title."

If, then, the Common Pleas Court may recur to section 5006 to supply a real or apparent omission, why may not the Probate Court, in a proceeding under Section 6411, do the same ?

It would seem that for this purpose, then, the Probate Court has the same jurisdiction and the same power to determine all questions involved that the Court of Common Pleas has, and has the same power to make a party defendant who has or claims an interest in the controversy, or who is a necessary party to the complete determination or settlement of the questions involved.

The next question to consider is. Did an estate, by the curtesy, exist in the property sold ?

The determination of the right of Harlan to an estate by the curtesy as a surviving husband, depends upon the construction of section 4176, Rev. Stats., which, before the amendment, vol. 84, p. 134, read as follows :

"Nothing in this chapter shall be so construed as to affect the right which any person may have to any estate by the curtesy or in dower in any estate of any deceased person ; and surviving husbands, whether there be issue born during coverture or not, shall be entitled to the estate of their deceased wives by the curtesy, but if any deceased wife leave issue or legal representative of such issue by a former marriage, her surviving husband shall not be entitled to an estate by the curtesy in the interest of such issue, or legal representative of such issue, in her estate, unless the estate came to the deceased wife by deed of gift from the surviving husband, or by devise or deed of gift from his ancestors."

The property in question was not specially devised by the testatrix, but was charged with the payment of debts and certain legacies, which it proved insufficient to pay.

For these reasons it is claimed that Florence Turner had no interest in the same, and that therefor Harlan is entitled to curtesy in the whole.

The question as to the extent of the interest such issue would have, has been settled in the case of

*Tilden* v. *Barker*, 40 Ohio St., 411, in which the court held that the words "the interest of such issue" referred to such interests, as the issue would have taken, if the mother had died intestate, and are merely descriptive of the extent to which curtesy is excluded.

It must follow that as against the interest of this grand-child, Robert Harlan has no curtesy. Has he curtesy in the interest of the adopted child? The solution of this question depends upon the further construction to be given to section 4176, Rev. Stat.

The right to curtesy at common law depends upon the birth, alive, of issue of the marriage out of which the estate grew. In the act of 1858 the right of the husband was enlarged by dispensing with the necessity of issue born during the coverture, as a prerequisite to the estate by the curtesy, while in the act of 1869, incorporated in section 4176, Rev. Stat., that right was limited by the provision, "that if the deceased wife shall leave issue or legal representatives of such issue by a former marriage." Giving the word "issue" its literal construction and applying to it the law of strict construction, it must be apparent that an adopted child is not "issue," child of the blood, of such adopting parents, and we must look to the statute of adoption, to determine what legal effect should be given to section 4176, Rev. Stat., in construing the words, "issue by a former marriage."

The statute declares that the adopted child shall be the legal heir, that it is a child to all legal intents and purposes of the adoptors, as if begotten in lawful wedlock. Section 3140, Rev. Stat.

It was held by the court in the case of *Upson* v. *Noble*, 35 Ohio St., 655, in construing the act of adoption in connection with the general statute regulating "descents and distribution" of personal estates that the word "child" was not used in the sense of heir, within the meaning of the general statutes relating to descents and distribution; that the legislative intent was not to take away from the child the capacity to inherit from the natural parent, nor on the other hand the capacity to transmit an inheritance to the natural parent. By the words "legal heir of his or her adoptor," a new capacity was given to the child, to wit: a capacity on the part of the child to take by way of inheritance from the adopted parent, and this was the whole extent of the innovation.

In the case of *Bruner* v. *Briggs*, 39 Ohio St., 478, the court held that the proviso of section 17 of the act 66, vol. 21, (section 4176, Rev. Stat.) is a limitation on the right of a surviving husband to curtesy in his deceased wife's real estate, made in favor of her issue or legal representatives of such issue by a former marriage; that the right to curtesy secured by the general clause of said section can not be affected or defeated by showing that the deceased

wife left illegitimate issue, who, under section 15 of said act, inherited her estate : that, by the terms of said section 17, as amended, the provision of section 15, as amended, which provides that "bastards shall be capable of inheriting or transmitting inheritance from and to the mother, in like manner as if born in lawful wedlock," can not be so construed as to effect the surviving husband's curtesy in the real estate of his deceased wife, in all cases provided for in section 17.

It was contended in that case that as the statute gives to bastards the capacity to inherit and to transmit inheritance on the mother's side, the same as if born in lawful wedlock, this must be construed as equivalent to the words in section 4176, "issue by a former marriage." The construction contended for would be to eliminate from the statute the significant words, "by a former marriage," or it would add to them the additional words, " or leaving illegitimate issue."

In the case of *Lathrop* v. *Young*, 25 Ohio St. 451, the court also held that the act of April 20th, 1854, and the act of March 29th, 1859, (S. & S. 506, 507) gave to the adopted heir the legal status of a child of the adopter, and the statute requires him to be regarded as such child, in tracing descent to or from him in the cases therein specified ; but in cases which do not come within those acts, the operation of the statute of descents is the same as if such acts had

not been passed. It must be apparent that this statute by giving artificially new powers and capacities of inheritance to others than legitimate children, confines these to the cases clearly and expressly covered by their terms, and is not to be so construed as to repeal and nullify the provisions of section 4176, Revised Statutes, which gives and secures ' the right of curtesy to the surviving husband, in all cases except that covered by the proviso, to wit: " In the interest of issue by the wife by a former marriage, or the legal representative of such issue." It must follow that Robert Harlan has curtesy in the interest of this adopted daughter.

NOTE.—The judgment in this case was affirmed by the Hamilton County Common Pleas Court.